**John M. BANDA, Appellant,**

v.

**State of NEW JERSEY; Attorney General of New Jersey; Mark Singer, Deputy Attorney General; Serena Perretti, Judge; James McGreevey; Former N.J. Governor.**

No. 05–1043.

United States Court of Appeals, Third Circuit.

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B) May 12, 2005.

Decided June 7, 2005.

three factors. *See id.*

John M. Banda, Jr., Avenel, NJ, pro se.

Before: RENDELL, FISHER and VAN ANTWERPEN, Circuit Judges.

OPINION

PER CURIAM.

John Banda appeals the order of the United States District Court for the Dis-trict of New Jersey dismissing his civil rights action. Banda is currently a resi-dent of the Special Treatment Unit at Avenel, New Jersey. He filed a complaint pursuant to 42 U.S.C. § 1983 against the State of New Jersey, the state attorney general, a state court judge, and the for-mer governor. In his complaint, Banda alleged that the defendants violated his constitutional rights when they abused their authority and unlawfully caused his civil commitment under the Sexually Vio-lent Predator Act, even though he was not convicted of a sex offense. As relief, Ban-da sought unrestricted release from con-finement, correction and expungement of his court records, damages, and assorted other injunctive relief. Banda was grant-ed *in forma pauperis* status in District Court. The District Court dismissed the complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

Banda timely filed a notice of appeal.[1] He has also filed a motion for a "protection clause," seeking injunctive relief. We have jurisdiction pursuant to 28 U.S.C. § 1291. Banda has been granted leave to proceed *in forma pauperis* on appeal. Upon con-sideration of the record, we will dismiss the appeal under section 1915(e)(2)(B) for lack of legal merit.

The District Court concluded that Ban-da's section 1983 action cannot stand until the findings that led to his civil commit-ment as a sexually violent predator are invalidated. *See Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). We agree. Success on Banda's claims would necessarily imply the invalidi-ty of his confinement and are not cogniza-ble at this time in a section 1983 action. *See Wilkinson v. Dotson,* —— U.S. ——,

---

**1.** The District Court subsequently denied Ban-da's motion for reconsideration. Banda did not file an amended notice of appeal regard-ing this post-decision motion, so the denial of the motion for reconsideration is not before us. *See* Fed. R.App. P. 4(a)(4)(B).

125 S.Ct. 1242, 1248, 161 L.Ed.2d 253 (2005). The proper means of seeking immediate release from confinement, or seeking an earlier release from confinement, is through a petition for writ of habeas corpus. *Preiser v. Rodriguez,* 411 U.S. 475, 489, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). *See also Brock v. Weston,* 31 F.3d 887, 890 (9th Cir.1994) (like criminal incarceration, involuntary commitment satisfies section 2254's "in custody" requirement). Accordingly, the District Court properly dismissed the complaint. We note, however, that a dismissal pursuant to *Heck* should be without prejudice to Banda bringing a section 1983 action if he is ultimately successful in invalidating his civil commitment. *See Fottler v. United States,* 73 F.3d 1064, 1065–66 (10th Cir.1996).

Lastly, Banda's motion for a "protection clause" seeks an order to protect him from harassment by all employees of the State of New Jersey during the pendency of these proceedings. To the extent that Banda's motion relates to the matters raised in his complaint, we deny the motion. To the extent that the motion raises new allegations regarding the actions of unnamed staff members of the Special Treatment Unit, we deny the motion, as these matters were not raised before the District Court and are not properly before us on appeal.

. We will dismiss this appeal under 28 U.S.C. § 1915(e)(2)(B).